By the Court—Robertson, J.
The only question upon the Beferee’s report is whether, upon the facts which he was entitled to find, and those he has found, his judgment can be sustained. The opinion annexed to his report is only referred to therein for the reasons for his finding the single fact contained in his report, and they seem amply sufficient to sustain it. The resolution not to consider the question of the illegality of such contract contained in such opinion, and the reasons given therefor, are immaterial, as they form no part of the report. If, under the issues and evidence, he was not bound to take it into consideration, it is immaterial whether his reasons for refusing it be right or wrong. It certainly formed no part of the conclusions of law in the case, that the pleadings did not warrant the inquiry into such illegality. Without considering that question, therefore, I shall examine whether the evidence shows the receipt by the defendant of five hundred dollars for the plaintiff’s use, which he was bound to pay over.
The defendant admits that he received the money, and agreed to pay a like sum; he claims that the latter was a personal agreement, and the former was the receipt of money to reimburse him. He does not explain why he received the money and retained it, before he paid the same sum, nor why his scruples as to the contract only *313 arose after he had induced the plaintiff to abstain from bidding. His principal seems to have believed that it was long since jjaid over in fulfillment of his contract. Even if a critical analysis of the testimony of the defendant warranted such a construction of it, and it was not contradicted, the Eeferee was justified in rejecting what seemed to be a mere device, and finding that the defendant received the money to pay it over.
Without questioning the over refinement of reasoning which makes an agreement not to attempt to buy certain specific property void, as against public policy, although a man may make a valid agreement not to deal in articles of a certain kind, within fixed limits, and assuming that a party who has a lien on, but no means to buy property sold for a prior lien, cannot sell his right to bid to protect 1 himself; the mere messenger or carrier of the price, it seems to me, cannot set up such a defense. It is true the defendant, as agent, made the original agreement, but he was no party to it, derived no benefit and suffered no loss . from it, as in the case of Farmer v. Russell, (1 Bos. & P., 296.) It formed no part of that agreement that Brewster should pay the defendant the five hundred dollars for the plaintiff. The promise, by the defendant, to pay, arose from the subsequent receipt of the money for the purpose. The Eeferee seems tq have inferred from the language of the Court, when this case was formerly before it, (5 Bosw., 645,) that the decision was put on the ground that the defendant had no notice of the illegality of the agreement. This appears to have been said simply to show the entire want of connection, by the defendant, with the original transaction. (See p. 650.) The cases of Armstrong v. Toler, (11 Wheat., 258,) and Hodgson v. Temple, (5 Taunt., 181,) cited to support the opinion, were decided without reference to knowledge, and were put entirely upon want of legal connection. I am satisfied that the former decision controls the facts as they now stand.
The judgment must be affirmed, with costs.