By the Court,
Monell, J.
The affidavit of the defendant Bain was properly admitted as evidence, against the defendants, of all the facts stated in it, except the single fact of partnership. If there is not other and sufficient evidence in the case, of the partnership of the defendants, then the affidavit, treating it as an admission of the parties, would not be evidence against the other defendants of any of the facts sworn to. The admissions of one partner, whether sworn to or otherwise, are always proper to charge his copartners; and it is immaterial whether they appear in a sworn statement, or were orally given, or that the same matter was testified to under oath, by a witness on the stand. To render the admission competent, however, it must appear, by other evidence, that a partnership existed at the time to which the admissions refer, and in respect to which they are supposed to relate. The objection, therefore, to the introduction of the affidavit of Bain, was well taken, unless the case furnishes other and sufficient evidence of the parnership of the, defendants.
The allegation in the complaint is that the defendants were attorneys and counsellors, and “ partners at law.” This allegation is not, in terms, denied by the defendant; nor is it in terms admitted. The express admission is, only, that the defendants were “attorneys and counsellors at law,” with a general denial of all other parts of the complaint.
It is by no means certain, that a defendant can specifically admit a part of an entire allegation, and put other parts of it in issue by a general denial. His answer must contain a gen *323 eral or specific denial of each material allegation in the complaint. That is, he must deny, generally or specifically, the whole of each allegation. If he admits a part, he cannot generally deny the residue. Rut without determining that question, there are other parts of the answer which contain, in my judgment, a sufficient admission of a partnership, to charge the defendants. It is alleged in the “second” defense set up by the defendant Jordan, that in or about the spring of 1859, Willock employed the defendants, “ under the firm name of GaNun, Jordan & Bain,” as his attorneys, to prosecute the claim against Hogan. He denies «that “ these defendants,- GaNun & Jordan, or that the attorneys of record for said Willock, in said suit, GaNun Jordan & Bain,” were ever employed by the plaintiff. He further says that said action was the only one prosecuted against Hogan by said “ GaNun, Jordan & Bain, as attorneys and counsel; ” and he admits that in the settlement of the suit “ the defendants ” received the money sought to be recovered in this action. These admissions of the employment of the defendants “ under the name of GaNun, Jordan & Bain,” to commence and prosecute the very claim which the plaintiff alleges was in part assigned to him, are, I think, conclusive evidence, if not of a partnership, at least of a joint employment of the defendants, and of their joint liability to the plaintiff. In such case, the admission of one would bind the others. (1 Phil. Ev. 93.)
But the defendant read in evidence, on the trial, an assignment from Willock of the claim in that suit to “GaNun, Jordan & Bain,” his attorneys therein. And also the complaint in the same action, subscribed by “Ga Nun, Jordan & Bain, plaintiff’s attorneys.” Here is strong evidence of the joint relation of the defendants, if not of their partnership in fact; and if there was any doubt before, of the fact, there could be none now. This affidavit and complaint were in for all purposes, and removed the objection of previous want of proof of partnership. (Gibbons v. Wilcox, 2 Starkie, 39.)
• The proof of partnership was therefore sufficient to render the'affidavit of Bain competent evidence against all the defend *324 ants, and fully supports the finding of the referee in that respect.
The offer by the appellant, of evidence to prove that the interest which the plaintiff acquired in the claim against Hogan, was acquired in hostility to the rights of Hogan,- who had been his client, and was therefore champertous, was properly excluded. Without inquiring whether the facts offered to be proven may or may not have been a good defense by Hogan to the action of Willock against him, it is enough to say that the defendants cannot avail themselves of it. However improper may havq been the manner in which the plaintiff procured his interest, (of which there is no evidence in the case,) and however jealously courts will protect clients from the fraud or overreaching of attorneys, they will only do so at the instance of the persons injured. And hence I think the defendants did not rightly understand their duty to their client, when they undertook to question his title to the money they had collected for him. Had Hogan, or his representatives, claimed the money, it would have afforded the defendants a pretext, at least, for withholding it from the plaintiff. No such claim appears to have been made ; and it is but for a questionable purpose, we think, that the defendants have sought to screen themselves from liability, under the pretense of misconduct on the part of the plaintiff towards Hogan. ' The defendants were employed to prosecute Hogan, to recover a claim due to Willock. They were employed by the plaintiff, and they understood that the plaintiff’s interest in the claim was two thirds. They did not refuse to agree to prosecute the suit for one half of the plaintiff’s interest; nor did they refuse to retain, out of the settlement money, their share. If the plaintiff’s transaction was champertous, I cannot see in what manner the defendants avoided being particejos fraudis; for it does not appear that they have accounted to Hogan, or his representatives, for the money they retained for themselves.
In Merritt v. Millard, (5 Bosw. 645,) money was paid to the defendant in execution of an illegal contract between the plaintiff and one Brewster. In an action to recover the money, it *325 was held that the defendant could not set up as a defense, the. illegality of the contract. He was bound by his promise to pay the money to the plaintiff, and no one besides the party to the contract could avail himself of its illegality.
But it was further claimed by the appellant, that the transaction between the plaintiff and Willock, was a violation of 2 R. S. 288, § 71, which prohibits an attorney from buying a}j thing in action for the purpose of bringing a suit thereon. " Willock, who was examined as a witness on the part of the appellant, testified, that he agreed with the plaintiff to commence the suit; that at that time he had no money to carry on the suit, and he agreed to give the plaintiff two thirds of the proceeds, he to furnish all lawyers, expenses, and every thing else. Since the Code, such an agreement is not a violation of the provision in the Revised Statutes referred to. (Rooney v. Second Avenue R. R. Co., 18 N. Y. Rep. 368.)
Even if this was not so, the defendants were not in a position to avail themselves of the objection, for the same reason that made the offer to show the illegality of the transaction towards Hogan improper. Willock has not complained. He received his share of the proceeds, and seems to have been satisfied. The appellant is in error, I think, in supposing that in this action the plaintiff was compelled to prove the transfer from Willock to him. It was only necessary to show that he employed the defendants to prosecute a claim, and that they recovered a certain sum of money upon it. They could not dispute the amount the plaintiff was entitled to, for they were informed of the extent of his interest at the time they were retained. This is an answer to the objection that the complaint did not state facts sufficient to constitute a cause of action.
If the view we have taken, that any alleged illegality in the transaction between the plaintiff and Hogan, or between the plaintiff and Willock, was unavailable to the defendants, then the defence failed, and the referee was justified in rejecting all the offers of evidence tending to establish such facts. They were immaterial upon the issues between the parties.
*326 That part of the referee’s finding of fact, which states the . agreement between Willock and the plaintiff, was unnecessary.
: The plaintiff was not bound to prove it, and • the defendants could not go into it. Hence none of the exceptions to the rulings of the referee, in allowing Willock to testify to the arrangement, can be sustained. The evidence being, as we have seen, wholly immaterial, did not injure the defendants. Eor the same reason it was proper to exclude the affidavit of Willock, offered as evidence by the defendants.
The assignment from Willock to the defendants, of the whole claim involved in the suit against Hogan, was taken by the defendants with knowledge of the prior interest of the plaintiff, and was therefore subject to it.
An error, clerical or otherwise, seems to have been made by the referee in the amount. for which he directed judgment. ■ The plaintiff claimed to recover $866.66, and there was no proof which authorized a judgment for a larger sum.
There being no other error, we can see no reason, if the plaintiff will stipulate to correct the amount of the judgment, for reversing the judgment on that ground.
If the plaintiff gives such stipulation, the judgment will be affirmed, otherwise it must be reversed, and a new trial ordered, with costs to abide the event.