DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### January, 1877.

---

HANNAH E. BROWN AND JOHN L. BROWN, EXECUTORS, ETC., OF JOHN L. BROWN, DECEASED, APPELLANTS, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

*Appeal — time within which it must be taken — Substituted parties — rights of — right of appeal by — waiver of — Review of referee's report — exceptions to report — improper evidence — Agreement by attorney for compensation — Code, § 303 — counsel — fees of.*

While this action was being prosecuted by the special administrator of the deceased plaintiff, an order was made on May 27, 1876, referring it to a referee to ascertain and report the extent of the liens of the attorney for the plaintiff, and of certain persons employed as associate counsel upon the judgment recovered herein. On the twenty-sixth of June an order was made substituting the appellants as executors of the last will of the deceased, in place of the special administrator, and on the twelfth of July an appeal was taken by them from the order of May twenty-seventh. *Held*, that the appellants took the proceeding into their hands, in the condition in which it was at the time of their substitution, and that as the time within which such order could be appealed from by the special administrator had elapsed, no appeal could be maintained by them.

Upon the coming in of the report, an order was made substituting the plaintiff in place of the special administrator, and sending the report back to the referee with directions to him to take further testimony, upon notice to the plaintiff as therein provided. In pursuance of this order further hearings were had, at which the plaintiffs appeared and gave testimony. *Held*, that as such appearance was compulsory, they were not thereby deprived of their right to appeal from the order.

An appeal from an order confirming a referee's report in such a proceeding, is governed by the provisions of rule 39, and not by those of rule 40.

This action was brought in pursuance of an agreement between the plaintiff and his attorney that, in case of a recovery, the attorney should receive, in addition to his taxable costs and disbursements, the sum of $5,000 and one-half of all interest allowed upon the claims prosecuted herein; thereafter the plaintiff recovered a judgment for $111,000, and subsequently, during the pendency of an appeal therefrom, settled the same for $50,000, against the objection of the attorney. Subsequently the attorney applied, upon a petition, to have it referred to a referee, to ascertain and report the extent of his lien upon the judgment. *Held*, that the agreement as to compensation was valid; that the court had jurisdiction to adjudicate summarily upon the extent of the attorney's lien, and to refer the matter to a referee to ascertain and report the facts relating thereto.

Where a party objecting to the confirmation of a referee's report in such a proceeding, limits his exceptions to the findings of fact and conclusions of law of the referee, no question is raised by them as to the admission of improper or illegal evidence, or as to any thing that occurred during the progress of the trial. If the party aggrieved desires to review these questions, he should specify, as part of his exceptions to the report, that it was founded on illegal evidence, and that the referee had improperly overruled his objections to the reception thereof.

The lien of an attorney extends to the "agreed compensation" to be paid out of the judgment. The agreement operates as an equitable assignment of so much of the judgment.

Section 303 of the Code abrogated all rules and provisions of law, preventing an attorney from agreeing with his client for the measure or mode of his compensation, and left the same to the agreement of the parties, express or implied.

Where counsel are employed to assist in the trial of an action, they have no lien upon a judgment recovered therein, for the services rendered by them.

The compensation to be recovered by them cannot be fixed upon a summary application in the action, but must be established in the forms prescribed by law for the recovery of debts.


Four appeals from orders made at the Special Term, and four motions on the part of respondents to dismiss the said appeals.

This action was originally commenced by the deceased, John L. Brown, on a claim, on which, after his death, William A. Seaver, as his special administrator and successor in the action, recovered a judgment of $111,492.14.

Subsequently, and pending an appeal from said judgment by the defendants herein, the said Seaver, without the consent and against the protest of the attorney and counsel for the plaintiff, so far as their rights were concerned, effected a settlement of the said judgment,

and the same was duly satisfied on the 29th of May, 1876. The defendant retained in its hands $35,000 to satisfy and secure the payment of the claims made by the petitioners herein. On the 27th of May, 1876, an order was made on the petition of Oliver W. West, the attorney for the plaintiff, in his own behalf and in behalf of others employed as associate counsel in the case, referring it to a referee to ascertain and report the extent of their respective liens upon the said judgment. From this order and from three other orders made in the course of the proceedings relating to the ascertainment of these liens, these appeals were brought.

*Sullivan, Kobbe & Fowler*, for the appellants.

*C. H. Hatch* and *F. A. Bangs*, for the respondents West, Fullerton and Strahan.

Davis, P. J.:

It was once said of a Scotch lawyer, "It must be a clear case indeed that he will not confuse;" but that noted adept in confusion could not well improve in that direction, upon the cases and papers in these several appeals and motions. There are four distinct appeals from preliminary interlocutory and final orders in the case, and the same number of motions to dismiss the respective appeals. These are all to be regarded as heard or submitted together.

The first appeal is from the order of May 27, 1876, referring the petition, of the respondent West made on his own behalf, and on behalf of the respondents Fullerton and Strahan, to Referee Ruggles, to inquire into, ascertain and report the extent of their liens respectively, upon the judgment recovered in this action, and the sums of money due them respectively for their services. When that order was made, the action was in the name of William A. Seaver, as special administrator of the estate of John L. Brown, deceased, against The Mayor, etc., of the City of New York, and the executrix and executor who are now appellants from the order, were not at that time parties to the petition and proceeding. Subsequently, and on the twenty-sixth of June, an order was made by the Special Term, substituting the appellants as executor and executrix

of the last will and testament of John L. Brown, as parties plaintiff in the action in place of Seaver the special administrator. Prior to that time a hearing had been had before the referee, and he had made out and filed his report, and it was upon the motion to confirm such report that the present appellants were brought in as parties. The motion to confirm was denied, and the reference · was sent back for certain purposes to the referee. The appeal from the order of May twenty-seventh was not taken until July 12th or July 19th, 1876. The motion to dismiss this appeal is made on the ground that it was taken too late. It was taken more than thirty days after notice of the order, to the party who was plaintiff in the action, as special administrator and collector, at the time the order of May twenty-seventh was made. He had appeared by counsel before the referee as well as upon the motion, and in all the proceedings up to the time of the substitution of the present appellants. The appellants must be regarded as having taken the proceeding into their hands by their substitution in the condition in which it was at that time. The special administrator, before the substitution, represented their rights and interests, and as the time in which he could appeal had lapsed as against him, the appellants must·also be held to have had no right to appeal from the order of May twenty-seventh.

This motion to dismiss, therefore, is properly made and should be granted, with ten dollars costs besides disbursements.

The second appeal is from the order of June 26, 1876, denying the motion to confirm the referee's report. That order substituted the present appellants as plaintiffs in the action, in place of the special·administrator. It referred the report back to Referee Ruggles for the purpose of taking further evidence, and directed that the testimony already taken before him should "stand," and that the reference go on from day to day, upon service on the counsel for the executors of a certified copy of the order and notice of hearing; and that upon the coming in of the report a motion to confirm the same be made upon five days' notice to all parties interested. The appeal from this order was taken within thirty days. The order appears to have been made on motion of counsel for the present respondents, and to have been opposed by counsel for the appellants, and it cannot properly be said to· be an order made upon

the motion of the latter, and on behalf of the appellants, although some portions of it appear in some respects to be favorable to them. As to them it was an order *in invitum*, and they are parties *aggrieved* by it, within the sense of that term as used by the Code. Their right to an appeal, we think, is not lost by their having appeared before the referee upon the specified notice, and given testimony in the proceeding. That appearance was compulsory, for the terms of the order in respect to the continuance of the proceeding before the referee were explicit and stringent. The motion, therefore, to dismiss the appeal from this order ought not to be granted.

It should be denied with ten dollars costs and disbursements, to be offset against the costs and disbursements granted by the order dismissing the first appeal.

The third appeal is from the order of July 27, 1876, confirming the second report of the referee and overruling all the exceptions filed thereto by the appellants This appeal was taken in time, and is the one which brings up the merits of the case. The motion to dismiss this appeal is made upon the ground that no case and exceptions, or case containing exceptions had been settled or served under rule 40, and that no motion for a new trial under rule 40, or otherwise had been made. We held at the time this point was suggested, that the case was not affected by the provisions of rule 40, but was governed by the provisions of rule 39, it being a reference other than for the trial of the issues in an action, or for computing the amount due in foreclosure cases; and that the proper mode of review was by filing and serving exceptions within eight days after service of notice of the filing of the report of the referee, and which would properly be brought to a hearing upon such report and exceptions, on the notice on any party interested therein. The other grounds relate to the sufficiency or correctness of the papers served on the appeal. Leave was given to the appellants to make corrections in many important particulars, with the understanding that if made, the motion to dismiss the appeal would be denied. These corrections have been made in substantial compliance with the direction of this court.

The motion to dismiss that appeal should, therefore, be denied without costs to either party.

The fourth appeal is from the order of August 18, 1876. The

motion to dismiss this appeal is made upon the ground that the printed papers served on the appeal do not contain all the papers recited in the order appealed from. In strictness, this objection appears to be well founded, for the order recites as part of the papers upon which it was founded "all the papers and proceedings in this action, particularly said report of said referee, and the proceedings and testimony taken by and before him." All these papers are not printed in the appeal papers from this particular order, but they are all before us in the papers in the third appeal above mentioned, and there is a stipulation printed with the papers in this appeal, made on the part of the appellants, that those papers may be read and used as part of the papers on this appeal. Ordinarily this would not be permitted; but we see no objection, inasmuch as the appeals are here concurrently, to allowing it to be done to save expense to the parties in this case. The respondents do not complain of any prejudice thereby, and the only embarrassment occasioned, falls upon the court, which, considering how little it increases the general bulk, we are willing to overlook.

The motion to dismiss this appeal must, therefore, be denied without costs.

The appeals remaining undisposed of will now be considered in their order. The second appeal, which is from the order of June twenty-sixth, by which the report of the referee was referred back, and the appellants were substituted as parties to the action, and direction was given to the referee to proceed to take further evidence, and that the evidence already taken by him might stand, involves several questions.

First. The right to make any order of reference upon the petition of the respondent West. This question is based upon the alleged ground that the claims asserted by West cannot be determined by such a reference, but must be disposed of by an action at law, in which the appellants will be entitled to a trial by a jury. West was the attorney of the testator of the appellants, in the action brought against the city for the recovery of a large claim due him upon certain contracts. This petition asserts, that he undertook the prosecution of the action under a special agreement between himself and the testator, in relation to his costs and compensation, the substance of which was, that he should have, in case

of recovery, in addition to the taxed costs and disbursements of the action, the sum of $5,000 and one-half of all interest that should be allowed and recovered upon the claims prosecuted in the action; that a recovery of upwards of $111,000 damages and costs had been had in the action, and afterwards, while an appeal was pending, the action was settled or compromised between the present appellants and the defendants by the payment of the sum of $50,000 against the protest of West, the attorney; that upon his asserting a lien on the moneys to be paid on the judgment, the defendants in the action had retained in their hands a sum sufficient to cover the claim asserted, to abide the result of proceedings on the part of West to establish his alleged lien. So far as relates to West, we think the court had ample jurisdiction under the authorities to adjudicate summarily upon the existence and extent of the attorney's lien. The first order, that of May twenty-seventh, was properly made for that purpose. (*Rooney* v. *Second Av. R. R. Co.*, 18 N. Y., 368; *McGregor* v. *Comstock*, 28 id., 237; *Clark* v. *Rowling*, 3 id., 217; *Richardson* v. *R. R. Co.*, 7 Hun, 69.) The proceeding was in the nature of a proceeding *in rem*, and was properly carried on upon petition and reference. The original order was made upon notice to the then proper parties, and the order appealed from in this case substituted the appellants to a pending proceeding, in which they, by reason of their appointment as executrix and executor, had become proper parties. The court in making this order had power to preserve in full force the proceedings already taken, and so far as the order does that, no objection can properly be made to it. The direction of the order that the evidence already taken should stand, was not intended as a decision upon the legality or propriety of such evidence. In its true construction it merely preserved the testimony already taken, subject as a matter of course, to such legal objections to its admissibility as the parties had a right to insist upon. The directions as to the proceedings in the further hearings of the reference, although stringent, were nevertheless discretionary, and the direction as to the hearing upon the report of the referee thereafter to be made were in violation of rule 39, and ought not to have been given; but the directions in that regard do not appear to have been prejudicial to the appellants, and a modification of the order in that respect would be of no

advantage, because the report was brought to a hearing upon their exceptions to a final report, and there is nothing to indicate that they were at all prejudiced at that hearing by the direction in the order that it should be brought on in five days. There is no reason therefore, we think, for interfering with this order so far as it affects the respondent West, and as our conclusions in relation to the third appeal cover all objections in relation to the other respondents, we see no impropriety in our affirming the order of June twenty-sixth; but under the circumstances the affirmance should be without costs.

The third appeal is from the order of confirmation of the final report of the referee. It brings up all the important legal questions involved in the several orders and proceedings, as well as the merits of the respective claims of the appellants. This order overruled all the exceptions to the report filed by the appellants, and on this review the questions presented are, in strictness, those only which arise upon such exceptions. The exceptions, although very numerous, are all directed either to the findings of the referee upon questions of fact, or to his conclusions of law. It cannot be doubted that the testimony of the petitioner, West, in respect to the contract made between him and the appellants' testator, was illegal and improper. It fell directly within the prohibition of section 399 of the Code, and ought to have been excluded. However, no objection whatever was made to it at the time it was given. The appellants were not then parties to the proceeding, and of course could not object. At the rehearing, after they had been brought in as parties, they did object to such testimony, and moved to strike out the same before the referee, and their objection and motion were overruled and denied by the referee, on the ground that the order sending back the reference directed that the testimony already taken should "stand," and this the referee thought took away his power to strike out or exclude any portion of it. We think he was wrong in this ruling, for while the order used language which would bear the construction given to it, it certainly was not intended by the court, because neither the questions nor the facts were before it to call upon the court to hold that the new parties should be bound, *nolens volens*, to receive any illegal testimony already taken. It would have been a better ground to have denied the motion

because the testimony had been received without objection on the former hearing by the then plaintiff in the action, and that it was too late to raise objections on the rehearing. But the same contract, almost identical in form and language, certainly so in substance, was proved by several other witnesses, and if the referee had struck out the testimony of West, as we think he ought to have done, there would still have remained abundant evidence to uphold his finding of fact as to the contract between West and the testator; and under such circumstances we do not think it our duty to reverse the order of confirmation, unless the question on this evidence is so presented as necessarily to compel us to pass upon its legality. We think it is not. The exceptions filed as already stated, are limited to the findings of fact and conclusions of law. No question is raised by them as to the admission of improper or illegal evidence, or as to any thing that transpired in the progress of the hearing before the referee. If the appellants desired to review the admission of testimony taken by the referee, they should have specified as part of their exceptions to the report that it was founded upon illegal testimony, and that the referee had improperly overruled their objections. In the absence of any such exception, and in the presence of the competent evidence to sustain the finding of fact, we are not called upon to interfere with the order of confirmation. We have already seen that West, in his relation of attorney, was entitled to enforce his lien for costs upon the fund recovered by the judgment. (Cases *supra*.) That lien, according to the decisions of the Court of Appeals, extends to the *agreed* compensation to be paid out of the judgment recovered, for that agreement operated as an equitable assignment of so much of the judgment as was to measure the compensation. That was distinctly held by *Rooney* v. *Second Av. R. R.* (*supra*; see *Sherwood* v. *Buffalo and N. Y. R. R. Co.*, 12 How., 136; *Haight* v. *Holcomb*, 16 id., 160, 173.)

Section 303 of the Code abrogated all rules and provisions of law which before restrained an attorney in agreeing with his client for the measure or mode of his compensation, and left the same to the agreement of the parties, express or implied. This was disastrous, I think, to the *morale* of the profession, for, in the language of Comstock, J., it made "what was before not only illegal but dis-

reputable, now lawful if not respectable." (*Rooney* v. *Second Av. R. R. Co.*, 18 N. Y., 373, *supra*.) The confirmation of the report overruling exceptions, so far as they relate to the respondent West, must, we think, be affirmed.

A different question is presented in respect to the claims of the respondents Fullerton and Strahan; and that question is raised by the exception to the finding of facts of the referee, and the conclusions touching those claims. These gentlemen were employed by the appellant's testator as associate counsel in the case. They occupied no other relation to the case than that of counsel; and, however meritorious their claim may be to the compensation awarded to them in the case, they had no lien upon the judgment in the action which entitles them to enforce their claims by this proceeding. No case has been cited to us, and we think none can be found, where the courts have held that persons who occupied the relation merely of counsel, acquired thereby a lien upon the recovery. Their claims, if disputed, can only be established in the form prescribed by law for the recovery of debts. The referee erred, therefore, in his conclusion that these gentlemen had liens upon the judgment which could be enforced in this manner; and as the exceptions are broad enough to raise the question, we think we cannot do otherwise than reverse so much of the order as affects their claims. The order should, therefore, be modified so far as to affirm the report, and direct the payment of the amounts established by the respondent West, and found to be a lien in his favor upon the moneys collected; and as to the residue the exceptions should be sustained, and the petition in respect to the claims of the respondents Fullerton and Strahan, denied; neither party to have costs as against the other on this appeal.

The fourth appeal is from an order made August 18, 1876, and while the appeals already disposed of were pending in this court. That order directed that $5,000, part of the amount found by the referee in favor of Mr. West, should be forthwith paid to him, on the ground that the same was conceded by the answer of the appellants to the petition to be due, and that there was no dispute before the referee to the right of Mr. West to that sum. There are several reasons why we think this order ought not to have been made;

First. The whole subject-matter of the claim and lien of Mr. West had been transferred by appeal to another tribunal, and the making of such order necessarily compelled an appeal therefrom, in order to make effectual any possible reversal of the order of confirmation.

Second. A stay of proceedings had been already granted by the court until the hearing of the pending appeals, and this order was made without modifying such stay, unless it operates, *per se*, as such modification.

Third. But principally, because it is made upon the mistaken assumption that it is conceded and admitted that the $5,000 was absolutely due to the respondent West. It is true that the answer of the appellant admitted that $5,000 was due to Mr. West, and that he had a lien on the judgment therefor, but this was admitted only by way of negative pregnant. The answer in relation to the $5,000 is in these words: "The respondent denies that any sum whatever is due to the said Alfred W. West, except the sum of $5,000 which they are ready and willing and have offered to pay. And the respondents for their further answer say, that the said West has no lien whatever upon the subject-matter of this action, or in any way except for the sum of $5,000 as aforesaid." This denial that any thing more than $5,000 was due him, and that his lien was for no greater sum than that, is, of course, an admission of that sum, but in a form that expressly negatives all other liability. It was shown to the court, on this motion, that, by a previous order, the sum of $4,054.32 had been paid to Mr. West upon his alleged lien, being the amount of his taxed costs and disbursements. After such payment had been made upon the order of the court, we think it was entirely erroneous to hold that the admission of the answer, that $5,000 only was due to Mr. West, could be a sufficient basis to order judgment of that sum without, at least, deducting what had already been paid on the previous order, for it was clearly denied, and was in no wise the intention of the appellant to admit that West was entitled to both of such sums. That construction, under the circumstances, seems to us to have been unjust to the appellant, and although we now hold that both those sums, and more, were owing to him, we cannot regard it as proper to have made peremptory orders for the payment of the $5,000,

because that sum was admitted in the proceedings to be due, but nowhere admitted to be due in addition to the $4,054.32 already paid.

We think the order was improper; and, inasmuch as the appellants were compelled to bring an appeal from such order, in order to preserve their rights, if any, under the former appeals, they ought to have costs on this appeal.

The order is therefore reversed, with ten dollars costs, besides disbursements; but it may be provided in the reversal that the sum of $5,000 paid under it should be credited to the appellants upon the amount declared due to the respondent West, by the affirmance of the order of confirmation of the referee's report as to him.

Orders to be settled in this case before Presiding Justice DAVIS, on three days' notice.

DANIELS, J., concurred.

BRADY, J.:

A careful examination of the evidence in this case shows that the lien which is claimed by Messrs. Fullerton and Strahan is not established. The services rendered by them are shown and their value demonstrated, but the arrangement made with regard to them does not, as suggested, create the lien which must exist under section 303 of the Code, to insure the application of the fund to its payment in a summary proceeding. I concur, therefore, in the result.

Motion to dismiss appeal number one from order of May 27, 1876, granted with ten dollars costs and disbursements.

Motion to dismiss appeal number two denied with ten dollars costs and disbursements, to be offset against the costs and disbursements on the preceding order.

Motion to dismiss appeal number three denied without costs to either party.

Motion to dismiss appeal number four denied without costs.

Order of June 26, 1876, affirmed without costs.

Order of confirmation of the final report of referee so far modified as to affirm the report and direct the payment of the amount

established by the respondent West, and found to be a lien in his favor upon the moneys collected, and as to the residue the exceptions sustained and the order in respect to the claims of the respondent Fullerton and Graham reversed. Neither party to have costs against the other on this appeal.

Order of August 18, 1876, reversed with ten dollars costs and disbursements, but it may be provided in the reversal that the sum of $5,000 paid under it shall be credited to the appellants, upon the amount declared due to the respondent West, by the affirmance of the order of confirmation of the referee's report as to him.