JOHN S. WILBER AND CHARLES WITPEN, RESPONDENTS,
v. GEORGE W. BAKER, AS SHERIFF, ETC., APPELLANT.

*Costs — lien of attorney for — cannot be defeated by a fraudulent settlement of the
action.*

August 30, 1878, the plaintiffs herein recovered a judgment against one Smith,
upon which an execution was issued on September 2, 1878. On August 16,
1879, the sheriff having failed to return the execution, the plaintiffs brought
this action against him to recover damages because of his failure so to do.
Thereafter, and on August 28, 1879, for the purpose of defeating the lien of
the plaintiffs' attorney for his costs, included in the said judgment, and also
his costs in this action, the plaintiffs settled with Smith and the sheriff, and
the execution was returned by the latter satisfied.

*Held,* that the plaintiffs' attorney was entitled to continue this action, and to
recover a judgment for the costs of the former action and also for the costs of
this one.[*]

APPEAL from a judgment in favor of the plaintiffs, entered upon
the trial of this action by the court, without a jury.

It appeared that on August 30, 1878, a judgment for ninety-four
dollars and forty-one cents damages and costs, of which seventeen
dollars were for costs, was recovered in this court by the plaintiffs
against one Silas E. Smith, and that execution was issued thereon
to the defendant September 2, 1878, against the property of the
said Smith.

That the sheriff did not return the said execution within sixty
days. That thereupon and on August 16, 1879, this action was
brought against him to recover damages because of his failure so to
do; that after this action was commenced and for the purpose of
defeating the plaintiffs' attorney in recovering the amount of his
lien for costs upon the said judgment, and in this action these
plaintiffs settled with the said Smith and the sheriff for the amount
of the judgment against Smith, and thereupon and on August 28,
1879, the said execution was returned satisfied and the said judg-
ment was discharged of record.

That this action has been continued by the plaintiffs' attorney,
U. G. Paris, since the said settlement, for the purpose of enforcing
his lien for costs, no part of which has been satisfied.

[*] See *Goddard* v. *Trenbath, post,* 182.

The court held that the plaintiffs were entitled to judgment to be entered for the benefit of the plaintiffs' attorney for the sum of seventeen dollars, with interest from August 30, 1878, and a bill of costs in this action to be taxed.

*Hughes & Northrup*, for the appellant. No order or leave to continue this action was granted. The remedy of the attorney, if any, was by motion to set aside the return of the execution and the satisfaction of the judgment, and for leave to proceed with the action. (*Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y., 368; *Ward* v. *Syme*, 9 How. Pr., 16; *Wright* v. *Wright*, 70 N. Y., 96, 98 [*s. c.*]; *Wright* v. *Wright*, id., 98 [*c. p.*]; *Packard* v. *Yencer*, 10 N. Y. Weekly Dig., 271; decided June, 1880, 4th Dept., S. C. [21 Hun], 403).

*U. G. Paris*, for the respondents. The practice of the plaintiffs' attorney in this case was correct and the decision just. (*Talcott* v. *Bronson*, 4 Paige, 501; *Swain* v. *Senate*, 5 Bosanquet & Puller, 99; *Sweet* v. *Bartlett*, 4 Sandf. S. C., 661; *Haight* v. *Holcomb*, 7 Abb., 211; *Wilkins* v. *Batterman*, 4 Barb., 47, and cases there cited; *Shackleton* v. *Hart*, 20 How., 39; *Rooney* v. *Second Ave. R. R. Co.*, 18 N. Y., 368, and cases; *Owen* v. *Munson*, 18 How., 156.)

BOARDMAN, J.:

When this suit was commenced, August 16, 1879, the plaintiff had a good cause of action against the defendant for ninety-four dollars forty-one cents and interest. The fraudulent settlement of the case, made for the purpose of defeating the attorney's claim for costs, as well in the former as in the present suit, was August twenty-fifth, nine days after this action was commenced. The defendant at the time of the settlement had notice of the attorney's claim and lien. The question on this appeal is simply this: Did the settlement of the suit by the defendant, under the circumstances of this case, defeat the attorney's claim against him for costs recovered in the former action, and bar his right to proceed for his costs in this one? We are of the opinion that it did not. It was held in *Fox* v. *Fox* (24 How., 409) that the attorney's lien for his costs would be protected to him, against a fraudulent settlement by his client of the judgment in which they were included. (See,

also, *Haight* v. *Holcomb*, 7 Abbott, 210 ; *Rooney* v. *Second Avenue R. R. Co.*, 18 N. Y., 368 ; *Pickard* v. *Yencer*, 10 W. D., 271.) The Code also (§ 66) declares in effect that a fraudulent settlement of an action shall not affect the attorney's rights. According to the above decisions, an attorney is to be deemed the equitable assignee of the judgment obtained by him to the extent of his costs recovered thereby. It follows then that the attorney should be protected to the extent of his costs in the former suit, found by the judge to have been seventeen dollars. As regards his costs in this action, it was held in *Pickard's case*, above cited, that the attorney might prosecute the action to trial and final judgment in the name of his client with a view to the protection of his own rights therein. The case of *Murray* v. *Jibson* (11 W. D., 28, 29 ; S. C., 22 Hun, 386) is not in point. That case simply held that the plaintiff could not move for himself and in his own behalf to set aside the settlement, having in view the rights of his attorney merely.

It is insisted that the attorney's remedy here was by motion to set aside the settlement, but there had been no settlement to set aside, when the suit was commenced. The suit was then in progress, and, according to the decision in *Pickard's case*, the attorney had the right to continue the case to judgment, notwithstanding the settlement.

It is further urged that there was no evidence that there were seventeen dollars costs in the judgment claimed to have been settled and discharged. There was proof that the judgment embraced costs. The judge found the amount to be seventeen dollars. This finding was excepted to, but at some time subsequent to the trial. There was no motion for a nonsuit made or objection urged on the trial, based on this alleged defect of proof. Had the objection then been raised, it could and doubtless would have been at once obviated. The judgment seems to be right, and it must be affirmed with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.