## IN RE ESTATE OF HERBERT C. AUSTIN.

### December 14, 1904.

*Claims.—Judgment for Salary.—Assignment to Attorney for Services.*
*—Attorney's Lien:*

Attorneys brought proceedings for mandamus for their client's restoration to an office of which he had been deprived, in which a writ was issued but was ineffective for various reasons; they afterwards brought proceedings for his official salary for the time he was deprived of the administration of the office in question, which resulted in a judgment for such salary. The client agreed with his counsel that they should receive their compensation for all of the litigation out of whatever judgment should be obtained, but there was no understanding as to the

amount of such pay.    Pending the proceedings in bankruptcy, the client assigned to his counsel his interest in his said claim for salary.

On these grounds, the attorneys claim a lien on the judgment but not insisting on the assignment as a basis of their claim    *Held,* that there being no law of the Territory or practice of its courts recognizing an attorney's lien, such claim has no standing before this court.

In any case, there being no agreement for a specific amount, which would create a lien by the New York practice, there is no lien, and the court may not attempt to apportion or fix the amount earned.

The proceedings for the salary being solely effective in obtaining the judgment, the compensation for the mandamus proceedings, could not be included in a charging lien, if such a lien exists.

The assignment being made pending proceedings in bankruptcy and being in the nature of a preferment of one set of creditors over others, was invalid.

Claimants left to their rights as general creditors.

In Bankruptcy:   Attorneys' Lien.

C. W. Ashford and A. G. M. Robertson, Attorneys for Bank-rupt.

DOLE, J.  This matter came up on an order of the court call-ing upon Messrs. C. W. Ashford and A. G. M. Robertson, at-torneys of Mr. Herbert C. Austin in matters in litigation prior to and during the bankruptcy proceedings, to show cause why the sum of six hundred and fifty ($650.00) dollars should not be paid to the creditors of the estate of the said Austin. The order was made in response to a petition of the trustee to the effect that he had received from the Auditor of the Terri-tory, warrants for the said sum, being payment of the salary of the said Austin from September 25th to December 1st, 1902, during which time he was excluded from his official quarters by the Governor and was finally removed from office by the Governor acting with the Senate on the 1st day of December, 1902.   The said attorneys filed their answer to the said peti-tion, setting forth that in connection with the exclusion and re-moval of the said Austin as aforesaid, they had brought several proceedings and performed certain services as attorneys of the said Austin, to-wit, proceedings for a writ of mandamus to compel his restoration to office, and an appeal from the action

of the Auditor of the Territory refusing to pay his salary for the period above referred to, in which he had been prevented from administering the office, and services connected with such proceedings, and claiming a lien upon the results of such proceedings for their services therein.

It appears that the proceedings for a writ of mandamus resulted in the issuance of such writ, but for certain technical reasons connected with the service thereof and on account of an appeal from the allowance of the writ to the Supreme Court, and the final removal from office of the said Austin, the writ resulted in nothing.

Mr. Austin was adjudicated a bankrupt on the 26th day of January, 1903, and pending proceedings for adjudication he assigned his interest in the salary claimed by him, to his said attorneys, demands for such salary having been made on the Auditor on the 4th and 10th of December, 1902, and an appeal therefrom having been thereafter taken to the Supreme Court on the 16th day of January, 1903, which resulted in a decision supporting his claim. This assignment was in writing but could not be produced in the proceedings. The respondents showed by evidence that at the beginning of the proceedings for a writ of mandamus, an understanding was entered into between Austin and his attorneys that they should be paid out of the proceeds of the litigation, which understanding applied also to the subsequent proceedings for recovery of his salary, but no agreement was made as to the amount the attorneys should receive.

There are no statutes of the Territory of Hawaii recognizing attorneys' liens on judgments. The common law recognizes two kinds of attorneys' liens, one called the retaining lien, applying only to papers and money coming into the hands of the attorney professionally, which gives him the right to retain them against his client and his client's assignees and attaching creditors until the general balance due him for legal services whether growing out of the special matters then in his hands, or other transactions is received; and a charging lien, which is

the right of an attorney to recover the taxable costs from a fund recovered by his aid. The charging lien goes no further than the taxable costs and statutory fees allowed an attorney. But in New York it has been extended to include any sum agreed upon between the attorney and his client as a compensation for his services. *Marshall v. Meech, et al.,* 51 N. Y. 140, 142; *Ward v. Syme,* 9 How. Pr. 16; *Rooney v. Second Avenue Railroad Co.,* 18 N. Y. 368, 371.

Some of the States of the Federal Union have passed laws creating a similar lien on a judgment obtained by an attorney for compensation previously agreed upon between him and his client, and a few of them recognize an attorney's lien on a judgment obtained by him in the nature of a *quantum meruit* for his services. In the Territory of Hawaii, there is not only no law creating such a lien, but there is no precedent showing that such a lien has ever been recognized in the Hawaiian islands. The attorney's fees provided by Hawaiian laws, and taxable as costs, are certain fees in the Circuit and Supreme Courts as described in Section 1492 of the Civil Laws, and fees in actions of assumpsit in any court of the Territory, Section 1491 Civil Laws. But the proceedings for mandamus above mentioned were before a Circuit Judge in Chambers in which court no attorney's fees are given by the statute, except under Section 1491 in cases of assumpsit. The proceedings before the Supreme Court resulting in a decision allowing the salary claimed, were special proceedings based on the refusal of the Auditor of the Territory to issue a warrant for such salary, and the appeal therefrom to the Supreme Court. Whether this could be classed as an action of assumpsit or not, no attorney's fees were, or could be, taxed in it, it being a claim against the government.

Although the practice in New York State which recognizes an attorney's lien on a judgment obtained by him for an amount previously agreed upon as compensation between him and his client, seems reasonable and desirable, yet there being no law or practice in the Territory supporting such a theory of the

law, I do not find any ground upon which this court can base a decision recognizing the contention of the respondents.   *4 Cycl. L. & Pr. 1010.*   Even if the respondents' contention could be recognized as law in this Territory, their evidence has not shown any agreement of a definite separate sum as compensation of the attorneys in the appeal to the Supreme Court from the Auditor's refusal to issue a warrant for the salary, nor for the proceedings for the writ of mandamus.   There was simply a general understanding that the respondents should be paid out of the proceeds of the litigation.   Even if the lien claimed could be recognized by this court, it could only be recognized on the basis of an agreement for the compensation of the attorneys for their services in the last mentioned case, as those were the proceedings which obtained for their client the judg-ment.   *In re Wilson,* 12 Fed. Rep. 235, 242-3.   They claim that the proceedings for a writ of mandamus were also effective in reaching this result, but I do not feel that this is the fact; the proceedings for payment of the salary could have been brought and would undoubtedly have been successful if the proceedings for the writ had not been brought.   There being no agreement of any definite amount as compensation for the proceedings in the appeal to the Supreme Court from the Auditor, it would be impossible for the court to fix or apportion the amount earned.   This conclusion applies also to the respondents' claim for lien on account of their services in both cases, on the theory that the proceedings in the mandamus case were effective in obtaining the decision of the Supreme Court that the salary was due, for there was no definite amount agreed on as compensa-tion therefor.

In regard to the assignment, the respondents state that they do not rely upon it and I do not think that the court could recognize it in any case, it being an assignment of the whole interest of Austin pending proceedings for adjudication in bankruptcy, and being in the nature of a preferment of one set of creditors over the others.   *Bankruptcy Act Sec. 60 a., b.*

The money in issue, therefore, must go into the general fund of the bankrupt estate and the respondents be left to their rights as general creditors of such estate.