John McGregor and others *v.* James Comstock.

An attorney who obtains a judgment has a lien upon it for the amount of his costs.

If it be solely for costs, the record is notice to all the parties to the action that the attorney recovering the judgment has a lien upon it to the amount of the recovery; and the payment of the judgment to the *party* in whose name it was recovered, by his adversary, is in his own wrong, and is equivalent to paying to the assignor a debt which has been assigned, after notice of the assignment.

The fact that the attorney was not retained by the nominal party whom he represents, but by the real party in interest, can not defeat the lien of the attorney upon the judgment.

Where a defendant recovers a judgment against the plaintiff for costs, the payment of the amount to the nominal defendant, by the plaintiff, and obtaining from him a satisfaction of the judgment, with knowledge of the facts, is a fraud upon the rights of the real defendant in interest who has assumed the whole defense of the action, and incurred all the expenses of the litigation.

APPEAL from an order of the Supreme Court, made at a general term, affirming an order of the special term. The order of the special term directed that the clerk of the city and county of New York do take and remove from the files of his office a satisfaction piece, in this cause, filed August 25, 1858, of the judgment of the Supreme Court, on a remittitur from the Court of Appeals, the judgment roll whereof was filed May 8, 1858; and that the clerk mark the docket of said judgment in conformity therewith. The order also directed that the clerk of Albany county, upon being furnished with a certified copy thereof, should mark the docket of said judgment, May 8, 1858, in his office, as restored to full force. And that he should take and remove from the files of his office any certificate or satisfaction, or other certificate of the clerk of the city and county of New York, that said judgment is satisfied in his office; leaving said judgment and the docket thereof, in the office of the clerk of Albany county, in as full force and effect as if no such certificate or certificates

had been filed. The order also directed the plaintiffs to pay to the defendant's attorney ten dollars for costs of motion.

*J. Ellsworth,* for the plaintiffs.

*Robert C. Embree,* for the defendant.

Rosekrans, J. The plaintiffs have appealed to this court, from an order of the general term of the Supreme Court, affirming an order of the special term directing the cancelling of the satisfaction, on the record, of the judgment obtained in this action by the defendant. Since the appeal was taken, William McGregor, one of the appellants, has died, and the plaintiffs move to suspend the argument of the appeal until the legal representatives of the deceased can be substituted in his stead. The substitution is wholly unnecessary for the purposes of this appeal, to protect the rights of any of the parties. If the order appealed from should be reversed, it is apparent that the substitution would be useless; and if affirmed, the judgment can be enforced against any property of the plaintiffs, both living and dead, upon which it is a lien, and can be enforced in the same manner as if all were living. (3 R. S. 5th ed. 642, § 30; 649, § 41.) If the judgment shall be satisfied out of the personal property of the remaining plaintiffs, as it could have been before the death of William McGregor, such survivors, if compelled to pay more than their share, can seek contribution from the estate of the deceased. The motion to postpone the argument should be denied with ten dollars costs.

The order appealed from should be affirmed, whether the application for the order be regarded as made by the defendant's attorney, on his own behalf, to enforce his lien as attorney, or on behalf of his client who was the real party in interest, and defended the action in the name of the nominal defendant for his own benefit. The affidavits upon which the order was granted disclose a case of gross fraud in pro-

curing the satisfaction of the judgment from the nominal defendant, not only as against the real party in interest, but against his attorney. The undisputed facts are these: The plaintiffs had brought an action of ejectment against Benjamin R. Winthrop, and were nonsuited because Winthrop disclaimed to have any thing to do with the lands, and they then brought actions against Winthrop's tenants, the defendant Comstock being one of them. The litigation continued from 1844 to 1848, when this action was finally determined in this court, adversely to the plaintiffs. The defendant had judgment for costs to the amount of $1088.39 on the 8th of May, 1858. James C. McGregor, one of the plaintiffs, was informed of the entering of judgment soon after, and wrote to the defendant's attorney that it should be paid on the 10th of June, 1858. The plaintiffs and their attorney knew from the commencement of the action that the nominal defendant was not the real party in interest, but that Winthrop was. They knew that not one cent of the disbursements, expenses or costs of the litigation had been paid by the nominal defendant, but that all had been incurred by Winthrop and his attorney. They knew that Winthrop defended the action, and Ellsworth swears that Comstock informed him, when Ellsworth obtained his signature to the satisfaction, that he had never seen or employed the attorney who defended the suit, and that said attorney was not defending Comstock. The allegation of these facts is not denied on the part of the plaintiffs, directly or evasively, and they stand admitted. Winthrop and his attorney resided in the city of New York; some of the plaintiffs resided there, most of the others resided in this state and their attorney also, and yet, with a knowledge of these facts, after James C. McGregor had written to the attorney that the judgment should be paid to him on the 10th of June, 1858, James and his co-plaintiffs sent their attorney to Chattanooga, in the state of Tennessee, a distance of 1000 miles and over, with funds to pay this judgment to Com-

stock, or to obtain a satisfaction piece from him without payment, and such satisfaction piece was obtained and put upon record and the judgment discharged, after the real defendant had issued an execution to enforce the collection of the judgment, and the same had been levied upon the real estate of one of the plaintiffs. The attorney who obtained the judgment has a lien upon it for the amount of his costs. (*Rooney* v. *Second Avenue R. R.*, 18 N. Y. Rep. 368.) The judgment being solely for costs, the record is notice to all the parties to the action that the attorney who obtained the judgment has a lien upon it to the amount of the recovery, (*Haight* v. *Holcomb*, 16 How. Pr. R. 173, 174;) and the payment of the judgment to Comstock was in fraud of the rights of the attorney. Such payment by the plaintiffs was in their own wrong, and was equivalent to paying to the assignor a debt which has been assigned, after notice of the assignment. (*Reid* v. *Dupper*, 6 T. R. 361; *Bradt* v. *Koon*, 4 Cowen, 416; *Welsh* v. *Hole*, 1 Doug. 238; *Martin* v. *Hawks*, 15 John. 405.) The fact that the defendant's attorney was not retained by the defendant in the suit, but by the real party in interest, can not defeat the lien of the attorney upon the judgment. The acquiescence of the nominal defendant in the conduct of the suit by the attorney, for the benefit of the party in interest, would preclude him from insisting that the lien did not exist, and the opposite party in the action has no right to question it.

The order setting aside the satisfaction piece was proper if the motion is regarded as made on behalf of the attorney who obtained the judgment. I am also of the opinion that, under the circumstances, Winthrop is to be regarded as the equitable assignee of the judgment, as between him and Comstock, and that the giving of the satisfaction piece by Comstock was a fraud upon the rights of Winthrop. Comstock was sued as tenant of Winthrop, and Winthrop as his landlord demurred to the declaration in ejectment served upon him. Winthrop assumed the whole

defense of the action and incurred all the expenses of the litigation. Comstock paid nothing, and was liable for nothing to the attorney employed to defend. He had no legal or equitable right to the fruits of the judgment. The landlord might have appeared and been made a defendant with the tenant, or been substituted as sole defendant. But if Comstock assented to the suit being continued against him and defended by his landlord, in his name, there was no illegality in the arrangement. A person is not chargeable with maintenance in prosecuting or defending an action of ejectment in the name of another when he has an interest in the lands, legal or equitable. (*Wickham* v. *Conklin*, 8 John. 221.) The payment of the judgment to Comstock, with knowledge of the facts, was a fraud upon Winthrop. The facts disclosed in the affidavits show conclusively that a fraud was intended to be perpetrated. It would be a reproach to the law if such purpose could not be defeated.

In any aspect of the case, I am satisfied that the order appealed from should be affirmed, with costs. We have not the power to award ten per cent upon the judgment, under subdivision 6 of section 307 of the code, as the appeal is not from a judgment.

WRIGHT, J. also read an opinion in favor of affirmance.

All the Judges concurring,

Judgment affirmed.