STRAUSS *et al.* *v.* SEAMON.

(*City Court of New York, General Term.* September 29, 1888.)

SET-OFF AND COUNTER-CLAIM—JUDGMENTS—ATTORNEY AND CLIENT—LIEN.

Where a client, before the rendition of a judgment in his favor for costs, has assigned all his right and interest therein to his attorney, the adverse party cannot have his own judgment in the action set off against such judgment for costs.

Appeal from special term; PITSHKE, Justice.

A judgment was entered January 16, 1888, in favor of Joseph Strauss and others, plaintiffs, and against Morris Seamon, defendant. An attachment procured by the plaintiffs against the property of the defendant was vacated on appeal to the general term of this court, with costs, which were offset against said judgment. Plaintiffs thereupon appealed from the order of the general term vacating the attachment to the general term of the court of common pleas, which appeal was dismissed with costs to the defendant and respondent, and against the plaintiffs and appellants on the appeal, and which costs were subsequently taxed at the sum of $62.47 on June 26, 1888. On March 15, 1888, the defendant, by an instrument in writing, under seal, assigned to his attorney all his right, title, and interest in and to all costs that might be awarded to him on the appeal to the court of common pleas, or otherwise. A motion was made by plaintiffs' attorney for an order directing that a part of said judgment entered in favor of plaintiffs be set off against said costs on appeal ($62.47) taxed in favor of the defendant, and upon the hearing the motion was denied. Plaintiffs appeal.

Argued before NEHRBAS and McGOWN, JJ.

*E. T. Kremer*, for appellants. *S. F. Kneeland*, for respondent.

McGOWN, J., (*after stating the facts.*) An attorney has a lien for his services from the commencement of an action, which attaches to a verdict, report, decision, or judgment in his client's favor, and in the proceeds thereof, in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after a judgment. Code, § 66. And no

notice of lien on a judgment which is exclusively for costs and disbursements is required, as the record itself is sufficient notice of such a lien. *Wright* v. *Fleming,* 10 Wkly. Dig. 450. Such judgment belongs to the attorney, and will not be set off. *Gihon* v. *Fryatt,* 2 Sandf. 638; *Sweet* v. *Bartlett,* 4 Sandf. 661. The above were decided at the general term of the superior court. In *Marshall* v. *Meech,* 51 N. Y. 143, Justice EARL, in his opinion, says: "It has long been settled that an attorney has a lien for his costs and compensation upon the judgment recovered by him. * * * To the amount of such lien the attorney is to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment the judgment itself is legal notice of the lien, and this lien cannot be discharged by payment to any one but the attorney." The lien of the attorney attaches not only to a verdict or judgment, but to a decision. See Code, § 66. In *Tunstall* v. *Winton,* 31 Hun, 219, Justice DANIELS in his opinion says: "They were the costs of a successful appeal from an order, and, without any assignment to the defendant's attorney, legally belonged to him." Should, however, there be any question on this point, the assignment made by the defendant of the costs herein to his attorney will prevent a set-off. In *Garner* v. *Gladwin,* 12 Wkly. Dig. 9, general term, supreme court, it was held that the plaintiff had a right to have the costs recovered by defendant set off against the damages recovered by plaintiff in the same action, unless it appears that the party defendant prior to the verdict—the time when such right attaches in favor of plaintiff— had assigned his claim which might accrue for costs to his attorney, and that such assignment before verdict would deprive the plaintiff of the right which he would otherwise have to set off the defendant's costs in the same action, and that costs of a motion cannot be set off against other motion costs after the latter have been assigned to the party. *Wellman* v. *Frost,* 38 Hun, 389. The fact that the signature to the assignment is neither acknowledged nor proven, is immaterial. It is set forth in and forms part of the appeal book, and which we are to consider on the appeal. It does not appear that any objection was raised to its admission, or that the question of its proper acknowledgment or proof of execution was raised before the justice on the hearing of the motion at the special term. In *Smith* v. *Chenoweth,* 12 Civ. Proc. R. 89, which was an appeal from the general term of the city court to the general term of the court of common pleas, the same question as in the case now before us was passed upon. The general term of this court held that such costs could not be offset; the common pleas reversed the ruling of this court, and held that the costs awarded the defendant may be set off against the judgment awarded in favor of the plaintiffs, notwithstanding the defendant's attorney has a lien upon such costs for his compensation. In the case last cited there was no assignment to the defendant's attorney of the costs sought to be offset, and consequently that question was not considered or passed upon by the common pleas. In *Perry* v. *Chester,* 53 N. Y. 240, which was a case in which the question of the right to offset a judgment obtained by plaintiff against the costs of the defendant's attorney was considered, Judge CHURCH, in his opinion, at p. 244, says: "Putting the case in the most favorable view for the defendant, the question here is whether a party having a judgment against another is entitled to set it off against a judgment for costs in a subsequent litigation commenced by such party against the rights of the attorney who obtained the latter judgment, which rights were secured by an express contract in writing, transferring such costs to him before any judgment was rendered. There is clearly no legal right for the reasons before stated, and I am unable to appreciate any superior equity. Such a contract is valid, and, if founded upon professional services to be rendered in the case, the consideration is ample and meritorious. If such a transfer was denied to a party he might be practically deprived of the right of interposing a defense. A person sued has a right to secure his attorney with the prospective costs against

his adversary, in consideration of the services to be rendered in earning such costs." See *Rooney* v. *Railroad Co.*, 18 N. Y. 368; *McGregor* v. *Comstock*, 28 N. Y. 237. Order appealed from must be affirmed, with costs.