# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

---

## SAMUEL J. LEVIS, Appellant, v. WILLIAM J. BURKE, Respondent.

*Lien of a defendant's attorney for costs — effect thereon, of a stipulation to discontinue an appeal signed by a defendant who has interposed no counter-claim.*

APPEAL from a judgment of the County Court of Monroe county of July 9, 1888, reversing the judgment of the Municipal Court of Rochester in favor of the plaintiff.

The complaint alleged a hiring by the defendant from the plaintiff's assignors, by written contract, of a piano at a price named, payable quarterly in advance, which the defendant was to return in good order, and to hold himself responsible for damage to the same while in his possession, the hiring to continue until the defendant should notify the owners to remove the piano. There was the further allegation that "said piano was greatly damaged and injured to the extent namely, forty-five dollars," for which sum, with interest, the plaintiff demanded judgment. The complaint was verified and the written contract was attached. On this complaint the plaintiff went into the Municipal Court, on the return day of the summons, and (the defendant not appearing) was permitted, without making any proof, to take judgment for damages, forty-seven dollars and seventy cents, including interest, "as claimed in the complaint."

The court at General Term said: "On the argument of the defendant's appeal in the County Court, the plaintiff (respondent in that court and appellant here) produced a stipulation, which purported to be signed by the defendant in person, consenting that the action and appeal might be discontinued and dismissed, without costs to either party as against the other, and that an order to that effect might be entered, without further notice, on filing the stipulation. The stipulation was not proved, by acknowledgment of the

defendant, or otherwise, though its authenticity does not appear to have been questioned, and the record does not show that any motion was made thereupon to dismiss the appeal, nor that any order has been entered to that effect or discontinuing the action. The court disregarded the stipulation and rendered the judgment of reversal from which the appeal was taken to this court. The judgment seems to have been rendered upon the assumption that the attorney for the defendant had a lien for his costs, which entitled him to prosecute the appeal for their recovery, notwithstanding the settlement of the controversy by the parties. That assumption was not well founded. Several decisions of this court have given construction to the provision of the Code which gives to the attorney a lien for his costs before judgment. (Code Civil Pro., § 66.) That statute gives to the attorney for either party a lien 'from the commencement of an action, or the service of an answer containing a counter-claim,' only 'upon his client's cause of action or counter-claim,' as the case may be. This court held, in *Pierson, Receiver*, v. *Safford* (30 Hun, 521), that a counter-claim, consisting of a cause of action in favor of defendant, upon which he might recover an affirmative judgment, was necessary to bring the case within the provision of section 66, and that a set-off, though pleaded as a counter-claim, which could be applied only in reduction of the plaintiff's recovery, did not constitute a counter-claim within the meaning of the section referred to, to which the lien of the attorney could attach, and the decision in that case affirmed an order of the Special Term denying a motion of the defendant's attorney to set aside a settlement made by the parties and an order of discontinuance, and for leave to continue the action to judgment for the purpose of protecting his own rights therein.

" In *Quinlan* v. *Birge* (43 Hun, 483) this court held, that even in case of an affirmative cause of action, the attorney could not prosecute the action after a settlement made by the parties before judgment, verdict or decision, except by leave of the court, on notice to all parties interested, and on showing that the settlement was intended, or would have the effect to defraud the attorney of his costs, and that they could not be collected from his own client or out of the fund received in settlement of the action to which his lien already attached.

" In the case at bar the defendant had no counter-claim, even in name, indeed, he had interposed no answer to the plaintiff's complaint, and, under the former of the decisions cited, the attorney had no lien for his costs before judgment. But it does not follow that the judgment of the County Court should be reversed. The effect of such reversal would be to affirm the judgment of the Municipal Court, for which the appellant has no right to ask while he stands upon the stipulation produced by him, which, if effect is to be given to it, discontinues the action as well as the appeal. We think he mistook his remedy in appealing to this court from the judgment of the County Court. He should, rather, have made his motion in the latter court to set aside its judgment and for leave to enter an order of discontinuance on the stipulation. That motion would have brought up the question whether the stipulation was the genuine and valid act of the defendant. The appeal to this court being dismissed, the plaintiff will still have the remedy suggested in the County Court.

" The appeal to this court should be dismissed, without costs to either party."

*T. F. Stark*, for the appellant.

*James Murphy*, for the respondent.

Opinion by DWIGHT, J.; all concurred.

Appeal dismissed, without costs to either party.