STANLEY H. BEVINS, Respondent, *v.* ANNIE ALBRO, Appellant. Two Cases.

*Costs — the property of the attorney — not subject to offsets by adverse party — attorney's lien under section 66 of the Code of Civil Procedure.*

Costs recovered in an action belong to the attorney without any assignment, and the claim of the attorney thereto is superior to the right of the adverse party in the action, to set off claims against the successful one.

The provisions of section 66 of the Code of Civil Procedure, which declare that from the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches as soon as it is asserted, were not intended as a limitation upon the lien of an attorney for his costs, but were meant as an additional security to him in attaching his lien to the cause of action before the latter was perfected into a judgment.

The provision is for the benefit of an attorney, whether or not he pleads a counterclaim, the only difference being that where the defendant has no cause of action to plead by way of counterclaim, the provision of the Code does not · benefit him before judgment.

.After a judgment for the defendant for costs, there is something to which the lien of his attorney can and to which it does attach.

Appeal by the defendant, Annie Albro, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Warren on the 26th day of January, 1895, directing that all proceedings upon an execution issued in this action be stayed until the determination of another action, which had been appealed to the Saratoga County Court; and further, that if the judgment in the latter action was affirmed in the Saratoga County Court, then that the judgment in this action be set off against the judgment in that action.

The plaintiff, an attorney, brought the present action in this court against the defendant for professional services. He was defeated, and judgment was entered against him for $81.80 costs. Subsequently he began another action in a Justice's Court against the same defendant for the same services. It appears that upon that trial no evidence was offered by the defendant except the judgment roll in this action. The plaintiff succeeded in the Justice's Court and obtained a judgment for $163.55 damages and costs, from which the defendant appealed, upon questions of law, to the Saratoga County Court, where the appeal is pending undetermined.

Subsequently the defendant's attorney issued execution in this action upon the judgment for costs. Thereupon the plaintiff's attorney obtained the order from which the defendant now appeals.

*S. M. Richards* and *C. H. Sturges,* for the appellant.

*Lyman Jenkins,* for the respondent.

Herrick, J.:

We have heretofore held that the costs recovered in an action belong to the attorney, without any assignment; and that the claim of the attorney thereto is superior to the right of the adverse party in the action to set off claims against the successful party. (*Delaney v. Miller,* 84 Hun. 244.)

A distinction is sought to be made between an attorney for a plaintiff and an attorney for a defendant, where no counterclaim is contained in the answer. And it is claimed that, under section 66 of the Code of Civil Procedure, attorneys for a defendant only have liens for costs, or are entitled thereto, when the answer contains a counterclaim.

Section 66 was not intended as a limitation upon liens of attorneys for their costs, but as an extension; it was intended as an additional security to them. By it the lien is made to attach to the cause of action, whether that cause of action is set forth in a complaint, or in an answer, by way of counterclaim; and it attaches just as soon as it is asserted; in the case of a plaintiff's attorney, when the summons is served; in the case of a defendant's attorney, when the answer is served, if it contains a counterclaim.

The only change in the law effected by the section is to give attorneys liens upon causes of action before they are perfected into judgments. Obviously, an attorney for a defendant who has no cause of action to assert, gets no benefit under the section; and therein is the only difference between liens for plaintiff's and defendant's attorneys; it is a difference that only obtains before judgment.

The cases of *Pierson* v. *Safford* (30 Hun, 521) and *Levis* v. *Burke* (51 id. 71), referred to, to sustain the claim that attorneys for defendants who have not pleaded counterclaims have no liens for costs, are both cases arising upon settlements made before judgments obtained, without paying the attorneys for their services, and there being no counterclaims, there was nothing to which the liens could attach, and, therefore, the court held in each case that it did not come under the provisions of section 66, and the attorney could get no relief at its hands.

Here a judgment has been obtained by the defendant for costs; the lien of his attorney attaches upon its rendition; unlike the cases of *Pierson* v. *Safford* and *Levis* v. *Burke*, there is here something in existence upon which, or to obtain which, the attorney has exercised his skill and spent his labor, and upon which the court can act to protect him.

"It has long been settled that an attorney has a lien for his costs and compensation upon the judgment recovered by him." (*Marshall* v. *Meech et al.*, 51 N. Y. 140.)

It makes no difference whether the attorney is attorney for a plaintiff or for a defendant. These views lead to a reversal of the order appealed from.

PUTNAM, J., concurred.

Order reversed, with costs and disbursements.