GEORGIANA LONGYEAR, Appellant, v. CHARLES H. CARTER, Respondent.

88h    513
37 Mis¹516

*Attorney's liens at common law — under the Code a defendant's attorney has no statutory lien unless a counterclaim is interposed.*

At common law parties could settle actions without regard to the claims of their attorneys, except in cases where the settlement was collusive and intended to defraud attorneys of their costs, and under section 66 of the Code of Civil Procedure, as amended by chapter 542 of the Laws of 1879, a defendant's attorney has no lien which prevents a settlement by the client to the detriment of the attorney, unless it appears that the answer contains a counterclaim.

APPEAL by the plaintiff, Georgiana Longyear, from an order of the County Court of Ulster county, entered in the office of the clerk of Ulster county on the 16th day of April, 1895, granting defendant's motion to vacate an order entered in said clerk's office on the 1st day of February, 1895, which dismissed the defendant's appeal herein.

George Van Etten had been employed by the defendant as attorney to take an appeal from a judgment rendered against the defendant in a Justice's Court. After the appeal was taken the plaintiff's attorney obtained *ex parte* the order entered February 1, 1895, dismissing the appeal; the defendant's attorney, claiming that this was an attempt to defraud him of his costs, then moved to vacate the order of February, 1, 1895, and his motion was granted.

*A. S. Newcomb*, for the appellant.

*George Van Etten*, for the respondent.

HERRICK, J.:

We are of the opinion that no lien exists in this case in favor of defendant's attorney that prevents a settlement between the parties.

By chapter 542 of the Laws of 1879 section 66 of the Code of Civil Procedure was so amended as to give attorneys a lien upon their clients' causes of action which could not be affected by any settlement between the parties before or after judgment. (Laws of 1879, p. 617.)

To bring himself within this section the defendant's attorney should have shown that the defendant had set forth a cause of action by way of a counterclaim in her answer to the plaintiff's complaint; that is the only thing that would give him a lien before judgment. It is incumbent upon him to allege and prove those matters which entitle him to a lien. None having been set forth in the motion papers herein we must assume that no counterclaim was alleged in the defendant's answer, and that, therefore, there was nothing to which the defendant's attorney's lien could attach before judgment. His claim, therefore, must rest upon the liens of attorneys as they existed at the common law. (*Pierson* v. *Safford*, 30 Hun, 521; *Levis* v. *Burke*, 51 id. 71; *Bevins* v. *Albro*, 86 id. 590.)

At common law an attorney had no lien before judgment and the parties were at liberty to settle between themselves, and such settlement would not be disturbed unless it was shown that it was made collusively and for the purpose of defrauding the attorneys out of their costs. (*Randall* v. *Van Wagenen*, 115 N. Y. 527.)

There is nothing in the record before us to show that there was any fraud or collusion between the parties for the purpose of defrauding the attorneys, or either of them, out of their costs.

In passing it may be well to observe that the case of *Randall* v. *Van Wagenen* (*supra*) was decided upon an alleged cause of action that arose in 1877, prior to the amendment of the Code herein referred to, which extended the liens of attorneys, and the decision of the court in relation thereto is, therefore, not an interpretation of the Code as it has existed since 1879, and, consequently, such decision is not in conflict with anything herein set forth as to the extent of an attorney's lien.

The order appealed from should be reversed, with ten dollars costs and disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements.