In re GATES.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. ATTORNEY AND CLIENT—ATTORNEY'S LIEN—JUDGMENTS—PROCEEDS.
   Code Civ. Proc. § 66, gives an attorney a lien on his client's cause of action which attaches to the proceeds of a judgment or order in whosesoever hands they may come. *Held*, that an attorney procuring judgments, which were sold by his client's assignee, had a lien on the proceeds realized therefrom, since such sum constituted proceeds of the judgment.

2. SAME.
   Where the assignee of a judgment creditor sold judgments recovered after an order had been entered denying the motion of the attorney recovering such judgment to collect the same, on the assignee's stipulation to commence proceedings supplemental to execution, and to pay the attorney the amount of his costs on each judgment from the proceeds collected, the assignee was not entitled to object to the attorney's application for the payment of the proceeds of the sale to him, such proceeds being less than the costs to which he was entitled.

3. SAME—SALE OF JUDGMENTS—PROCEEDS—LIENS—MOTION TO SUBJECT.
   Where the assignee of a judgment creditor sold judgments subject to the lien of the attorney procuring the same for a sum less than the amount of the lien for his services, the attorney was entitled to move that the proceeds of the sale be paid over to him by the assignee.

Appeal from special term, Kings county.

Proceedings by Theodore B. Gates, attorney for Walter T. Klots & Bro.'s Sons to enforce his lien on the proceeds of certain judgments recovered against Samuel H. Coombs, assignee for the benefit of creditors of said Walter T. Klots & Bro.'s Sons. From an order directing the assignee to pay applicant the amount realized from such sale, assignee appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

J. A. Burr (Robert H. Wilson, on the brief), for appellant.
Theodore B. Gates, pro se.

JENKS, J. The respondent, an attorney, recovered certain judgments for clients who subsequently made a general assignment for the benefit of their creditors. The attorney moved that the assignee pay his claim for services in gaining such judgments, or that he (the attorney) be authorized to enforce the payment of the costs of the judgments in satisfaction of his lien in each case. The special term, on April 18, 1899, ordered that, the attorney for the assignee "having stipulated in open court to commence within a reasonable time proceedings supplementary to execution upon the various judgments set forth in the exhibits attached to said petition, and to pay to the said Theodore B. Gates out of each one of the judgments so collected the costs of said Theodore B. Gates included in each judgment so collected," the motion be denied. On November 9, 1899, the assignee gave notice of the sale of a number of judgments recovered

by his said assignors, including those in question, and in that notice stated that these particular judgments were sold subject to any claim of Theodore B. Gates for attorney's liens for costs. These particular judgments were sold to one Bladen on November 28, 1899, for $90; a sum smaller than the amount of the attorney's lien. In February, 1900, the attorney moved that the said assignee or the said Bladen pay to him the proceeds of the sale of said judgments. The learned special term ordered that such proceeds be paid by the assignee to the attorney, and this appeal brings up that order for review.

This proceeding deals with the taxed costs only. The attorney's lien attached upon the rendition of the judgment (Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079; Pulver v. Harris, 52 N. Y. 73), and is superior to any title of this assignee (Ward v. Craig, 87 N. Y. 550; Bish. Insolv. § 340; Russell v. Somerville, 10 Abb. N. C. 395, note; Schnitzler v. Andrews, 16 N. Y. Wkly. Dig. 74; In re Bailey, 31 Hun, 608; Merchant v. Sessions, 5 Civ. Proc. R. 24). The judgment itself was sufficient notice of such lien. McGregor v. Comstock, 28 N. Y. 237; Marshall v. Meech, 51 N. Y. 140; Delaney v. Miller, 84 Hun, 244, 32 N. Y. Supp. 505. The question here presented is practically between the attorney and his client. Section 66 of the Code of Civil Procedure now provides that:

"The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

In Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849, the court, in commenting upon this section, say:

"This language is very comprehensive, and creates a lien in favor of the attorney on his client's cause of action, in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third parties, without regard to any settlement before or after judgment."

I think that this money in the hands of the assignee must be fairly regarded as the "proceeds" of the judgment. The word "proceeds" is equipollent with "harvest" or "product." It is generally defined and understood as "the amount proceeding from some possession or transaction, especially the amount derived from the sale of goods." Cent. Dict. It is "the useful or material results of the action or course." Stand. Dict. And such are substantially the definitions of the law lexicographers. Black, Bouvier, Kinney, Rapalje. It is a word of great generality (Am. & Eng. Enc. Law, "Proceeds"; Phelps v. Harris, 101 U. S. 380, 25 L. Ed. 855), and of equivocal import (Thomson's Appeal, 89 Pa. St. 46). The money in the hands of the assignee was obtained through a sale of the judgment, and therefore proceeded from its possession as fully as if it had followed an execution by the sheriff. And so the language of the

statute need not be strained in order to make it as broad as the principle upon which it is based; for this charging lien, as it is called, was a device of the courts, lest knavish clients should reap recoveries, and not requite the labor that brought the harvest. Goodrich v. McDonald, 112 N. Y. 157, 103, 19 N. E. 649; In re Knapp, 85 N. Y. 284. Now, the manner of gathering the fruits of the judgment would not affect a principle that would protect the labor and skill that gained that judgment; and so the test question was whether the fund produced was the fruit of the judgment or decree. In Ormerod v. Tate, 1 East, 464, where the money was obtained by arbitration, Lord Kenyon, C. J., said:

"The convenience, good sense, and justice of the theory require that an attorney should have the same lien on damages awarded as if they were recovered by the judgment of the court in the ordinary course of the cause."

See, too, Davies v. Lowndes, 3 C. B. 808, where the fund was received by compromise. Many cases are collected in Whart. Ag. § 626. See, too, Turwin v. Gibson, 3 Atk. 720; Mitchell v. Oldfield, 4 Term R. 123; Read v. Dupper, 6 Term R. 361; Randle v. Fuller, Id. 456; Skinner v. Sweet, 3 Madd. 244; In re Knapp, supra; Ward v. Craig, supra; Weeks, Attys. 369. This theory of the common law has always been recognized, but the statutes declarative thereof have, of course, by their terms, restricted its application. Our statute (section 66, supra) was greatly broadened by the amendment of 1879, and again by that of 1899. This is to be kept in mind in reading the decisions in affirmance of the principle. Peri v. Railroad Co., supra; Bevins v. Albro, supra.

The appellant contends that the word "proceeds" means only the money collected from the judgment debtor by execution or process of law, or received in liquidation. But this limitation is not warranted, either by the letter or by the spirit of the present statute. It is true that when a judgment has been satisfied or released, the court will restore it for the protection of the attorney, but it must be shown that fraud will work against the attorney, or to his prejudice. Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Bailey v. Murphy, 136 N. Y. 50, 32 N. E. 627. Hence this is not done, as the appellant would have it, for the reason that the sole remedy of the attorney is to follow the judgment. Nothing in Marvin v. Marvin (City Ct.) 19 N. Y. Supp. 371, or Spors v. Shultheis (Sup.) 8 N. Y. Supp. 175, cited by the learned counsel for the appellant, establishes his proposition; while in Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649, also cited, Earl, J., is careful to point out that the judgment there was perfected two years before the amendment of section 66, "enlarging the scope of that section, so that now an attorney who appears for a party has a lien upon his client's cause of action, which attaches 'to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come'"; and that, as the section as amended was prospective, it was not applicable to the case at bar.

The appellant further contends that, inasmuch as the assignee sold the judgment subject to the lien of the attorney, therefore not

only the lien survives, but he has perforce relieved himself from any liability. He was bound, however, to sell them subject to the lien, in the absence of any consent on the part of the lienor. The argument of the appellant would suggest an easy method to avoid the statute, and so to relegate the lienor to perhaps a fruitless remedy, while the client, the principal debtor, with the tangible proceeds of the judgment in his hands, goes free. The courts neither revive nor keep alive judgments to make the payment of the debt doubtful, but to assure it. The authorities cited by the appellant are, for the most part, decisions under the statute prior to the drastic amendment of 1879, and his argument would, in effect, nullify that amendment.

Nor can the appellant be heard to say that the $90 was not gained by supplemental proceedings as contemplated by the order of April 18th, for he himself has put the condition beyond performance by his sale of the judgments. The stipulation relied upon by the appellant to the effect that the attorney must point out the judgment debtors, and request proceedings, was not signed by the attorney, nor is there sufficient proof of his acquiescence therein. Upon the record the sole stipulation between the parties is that made in open court at a later date, and embodied in the order of April 18th. The amount of the costs was a definite sum. The practice of the attorney was warranted. Peri v. Railroad Co., supra; section 66, Code Civ. Proc., as amended by chapter 61, Laws 1899. We think that the order of the learned special term should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.