## KUNATH et al. v. BREMER et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

ATTORNEY AND CLIENT—AGREED REMUNERATION—COSTS—ATTORNEY'S LIEN.

A judgment of foreclosure directed the referee to pay to plaintiffs or their attorneys the amount of their costs and disbursements and an additional allowance. Plaintiffs had agreed with one C., who held himself out as an attorney, but was not, to foreclose the mortgage for $350 plus the expenses of sale. C. employed E. & G., attorneys, to foreclose the mortgage; the plaintiffs being unaware of the fact till after the action had been begun. Plaintiffs bid in the premises, and tendered the referee his fees and disbursements, and also the $350 agreed on with C. The attorneys, E. & G., demanded that the full amount bid at the sale be paid in; claiming a lien thereon for their costs, allowance, and charges, amounting to over $1,300. Plaintiffs applied for an order directing the referee to deliver the deed on receipt of his fees and disbursements and the agreed $350, and for a substitution of attorneys for them, which order was granted on plaintiffs stipulating that their former attorneys should have a lien on the deficiency judgment for the balance of their claim. The stipulation was made. *Held*, the order was proper.

Appeal from special term, New York county.

Action to foreclose a mortgage by Oscar Kunath and others. From an order directing the referee, on the sale, to deliver a deed to plaintiffs on receipt of his fees and expenses and the further sum of $350,

and substituting new attorneys for plaintiffs, plaintiffs' former attorneys appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

John A. Straley, for appellants.
Seth S. Terry, for respondents.

HATCH, J. The judgment of foreclosure and sale directed the referee to pay to the plaintiffs or their attorneys the sum of $377.19 adjudged to the plaintiffs for costs and disbursements, and the further sum of $498.29 adjudged to the plaintiffs as an additional allowance. The plaintiffs claim that the mortgage was foreclosed in pursuance of an agreement with one Hugo Cohn, who represented himself as an attorney, and whom they hired to foreclose the mortgage for the agreed sum of $350, and that they never employed Euring & Geiger, the attorneys who prosecuted the foreclosure action, as their attorneys, or knew of their employment until after the foreclosure action had been commenced. The plaintiffs bid in the property at the sale, and, upon the date for closing the title, tendered to the referee his fees and disbursements, and also the sum of $350, the amount alleged by them to be due the attorneys for costs. The attorneys, Euring & Geiger, demanded that the plaintiffs should pay to the referee the full amount bid, before delivering the deed, as they claimed a lien for the taxable costs, including the extra allowance of $875.48, and also $500 in addition thereto. The plaintiffs then made this motion to compel the referee to execute and deliver the deed upon payment of $350, as agreed, in addition to the referee's fees and disbursements. The motion was granted on condition that the plaintiffs stipulate that their former attorneys have a lien on the deficiency judgment for the amount of the taxable costs. This stipulation was given. From the order entered on such motion this appeal has been taken by the attorneys, Euring & Geiger.

The court below has found, upon conflicting evidence, that the agreement to foreclose was made with Cohn, who held himself out as a lawyer, although he was never admitted to the bar or authorized to practice. The attorneys, Euring & Geiger, had notice of this arrangement, and were bound by it, as they were employed by Cohn, and, as between themselves and the plaintiffs, had no right to demand more than the agreed price of $350 for their services. By the provisions of the Code (sections 3228–3251), costs are awarded to the party. The attorney has a lien upon the costs, but does not take title thereto. Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079. Under the order as made, the plaintiffs pay all they agreed to pay, and the lien of the attorneys beyond the agreed sum of $350 is preserved; and the amount may be collected out of the deficiency judgment, and, when collected, belongs to them. Whether this part of the order was proper is not presently of consequence. The plaintiffs have not appealed therefrom, and consequently are not aggrieved thereby, and the attorneys do not ask for a modification in this respect. They have no legal or just claim to anything more. As the

plaintiffs bid in the property, if required to pay more it would come out of their pocket, and consequently would be in violation of the agreement which they made.

The order should be affirmed, with $10 costs and disbursements. All concur.

