## PERRY v. MYER.

### (Supreme Court, Special Term, Madison County. September 3, 1902.)

1. SPECIAL PROCEEDINGS—PROCEEDINGS BEFORE SUPERVISORS—CONSTABLE'S SERVICES.

   Under Code Civ. Proc. § 3333, defining the word "action" as signifying an ordinary prosecution in a court of justice by a party against another for the protection or enforcement of a right, the redress or prevention of a wrong, or the punishment of a public offense, and section 3334, declaring that every other proceeding by a party for either of the purposes specified in the preceding section is a special proceeding, an appeal from a city auditing board to the county board of supervisors by a constable for the adjustment of his claim for services is a special proceeding.

2. SAME—ATTORNEY'S FEES—LIENS.

   Under Code Civ. Proc. § 66, as amended by Laws 1899, p. 80, c. 61, providing that from the commencement of an action or a special proceeding the attorney who appears for a party has a lien on his client's cause of action, which attaches to a report, decision, judgment, or final order in his client's favor, and the proceeds thereof, in whosesoever hands they may come, which lien cannot be affected by any settlement between the parties before or after judgment or final order, and authorizing the court, on petition of the client or attorney, to determine and enforce the lien,

an attorney who appeared and prosecuted an appeal from a city auditing board to the board of supervisors of the county for a constable for the adjustment of the constable's fees had a lien thereon, enforceable against the award.

Application by Charles H. Perry to enforce an attorney's lien. Application granted.

Charles H. Perry, in pro. per.

Charles H. Shumway, for defendant.

FORBES, J. This is an application to the court to declare and enforce a lien for the moving attorney's services. Under the Code as it now stands, and under the decisions, I think the proceeding out of which the claim arose is a special proceeding. Code Civ. Proc. § 3334.

The defendant, John C. Myer, is a constable in the city of Oneida, in this county. Having performed services as such constable, his claim was duly presented for adjustment to the proper auditing board of the city of Oneida, and a large portion of said claim was rejected by said board. From that decision an appeal, pursuant to statute, was taken to the board of supervisors of Madison county. The applicant was his attorney, prepared the appeal papers, and appeared before the board of supervisors in that capacity, representing the defendant, Myer, as appears by the moving papers, and by the official proceedings of said board. The appeal was successfully terminated in favor of the defendant, Myer, and, as is shown by the increased compensation, the applicant's services so rendered were valuable. About $236 were added to the claim rejected by the board of auditors. Myer repudiates said services, and, by an opposing affidavit, insists that the applicant was not his attorney, and did not act for him. I think the position taken by Myer is untenable. Prior to the amendment of section 66 of the Code of Civil Procedure (chapter 61, p. 80, Laws 1899), said lien could not be enforced. Matter of Lexington Ave., 30 App. Div. 602, 52 N. Y. Supp. 203; s. c., affirmed in mem., 157 N. Y. 678, 51 N. E. 1092. The amendment clearly provides for a lien in special proceedings.

In the case of Peri v. N. Y. C. & H. R. R. R. Co., 152 N. Y. 521, 46 N. E. 849, under the amendment of 1879, the court said:

"This language is very comprehensive, and creates a lien in favor of the attorney on his client's cause of action, in whatever form it may assume in the course of the litigation, and enables him to follow the proceeds into the hands of third persons, without regard to any settlement before or after judgment. This is a statutory lien, of which all the world must take notice, and any one settling with the plaintiff without the knowledge of the attorney does so at his own risk."

The amendment of 1899 broadens this construction, and force must be given to the purposes for which the amendment was enacted.

The language used in Peri v. N. Y. C. & H. R. R. R. Co., supra, is approved In re Gates, 51 App. Div. 350, 64 N. Y. Supp. 1050; In re Regan, 167 N. Y. 338, 60 N. E. 658; In re King, 168 N. Y. 53, 60 N. E. 1054. While the facts in those cases are not identical with those of the case at bar, still the reason for the rule is applicable; the object of the statute being to prevent a client from receiving the services of an

attorney without compensation, by appropriating the whole fund and defrauding the attorney in his recovery of a fair compensation. An attorney is an officer of the court, and courts should not hesitate to protect his rights where the case presented comes fairly within the statute.

In the case at bar there is a dispute as to the value of said services, and the court believes that it is advisable to appoint a suitable referee to determine that question, and report to the court with his opinion thereon. An order may be entered accordingly, and, if the parties do not agree upon a referee, the court will appoint one. The question of costs should be reserved until the coming in of the report of the referee.