Matthew M. Levy, J.
This is a proceeding brought, pursuant to sections 63 et seg. of the General Corporation Law, for the assessment of the expense of attorney’s fees incurred in the successful defense of a derivative stockholder’s suit.
It appears that one Bernard Fein was the principal officer and a director of Lanston Industries, Inc. A stockholder’s derivative action was instituted in the United States District Court for the Southern District of New York by one Hennessey, suing in the name and on behalf of Lanston, against Fein and others, individually and as directors. The action was based upon subdivision (b) of section 16 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78p) for alleged short-swing profits by Fein. The court dismissed the complaint upon grounds that are not presently relevant. In that suit, Fein, as a defendant, was represented by the law firm of Buchman & Buchman. An application for fees as against.the corporation was made by these attorneys in that action, but the Federal court (Ryan, J.) held that that tribunal did not have jurisdiction to grant the request and denied the application without prejudice to relief *819 by plenary suit in the State Supreme Court. (Hennessey v. Fein, 176 F. Supp. 228, 230.) Thereupon Buchman & Buchman instituted the instant special proceeding in this court.
Lanston opposes the application upon several grounds, but only one of them need be discussed here — that this proceeding, with Buchman & Buchman as the petitioners, is defective in that it is Fein, the successful director, who must make the application, and not his attorneys. This question does not appear to have been judicially determined heretofore.
The petitioners point to section 68 of the General Corporation Law, which is entitled “ When and by whom application may be made ’ ’, and wherein it is provided that ‘ ‘ an application [for relief such as the present] made to a court in this state [may be made] in any of the following cases: * * * (c) when the application is made by a resident of this state and the director, officer or employee was a resident of this state at the time of the accrual of the alleged cause of action asserted in the litigation in which such expenses were incurred.” The petitioners argue that, reading this language, it is obvious that it is not necessary that the applicant be the director who was sued — for a distinction is made between the applicant and the director — and that, since Buchman & Buchman (the applicants) are New York lawyers and Fein (the director) was a resident when the cause of action against him accrued, Buchman & Buchman are proper parties petitioner in this proceeding, and that this court has jurisdiction in the premises.
Deduction from this specific section may seem to support the petitioners’ contention. But, in order to ascertain legislative intent, I am not relegated to a reading and study of the law in this isolated fashion. Section 68 was not adopted on its own. The statute here involved was revamped, amended and enacted by the Legislature on the recommendation of the Law Revision Commission in 1945 (1945 Report of N. Y. Law Rev. Comm., pp. 131-175), and is comprised of sections 63 to 68, inclusive, of the General Corporation Law. These sections make up article 6-A. That article is headed “ Reimbursement of Litigation Expenses of Corporate Officials”. Section 63 refers to “Authorization for indemnity to directors, officers and employees ” of the corporation, in the certificate of incorporation or in the by-laws thereof or by stockholders’ resolution. It permits a domestic corporation to provide that “ any person made a party to any action, suit or proceeding by reason of the fact that he, his testator or intestate, is or was a director, officer or employee of the corporation * * * shall be indemnified by the corporation against the reasonable expenses, including attorneys’ fees, *820 actually and necessarily incurred by him. in connection with the defense of such action ”. Section 64 provides for the “ Assessment of expenses ” and states that “ Any person made a party to any action * * * by reason of the fact that he, his testator or intestate, is or was a director, officer or employee of a corporation shall be entitled to have his reasonable expenses, including attorney’s fees, * * * assessed * * * except in relation to matters as to which it shall be adjudged in such action * * * that such officer, director, or employee is liable for negligence or misconduct in the performance of his duties.” Section 67 says that “ If after hearing an application for payment or for assessment of expenses, the court shall find that the applicant * * * was successful in whole or in part, or that the action against him has been settled with the approval of the court, the court shall grant such application ”.
Thus, throughout most, if not all, of article 6-A appears the clear intention of the statute, taken as a whole, that the expense of defense, including attorney’s fees, is to be assessed in favor of, and to be reimbursed to, the corporate personnel who are the defendants charged with the allegedly objectionable conduct, and it is they who are entitled to be made whole. The remedies, therefore, of reimbursement, indemnity and assessment are those of the litigant, not of his counsel.
It is true, as the petitioners argue here, that section 68 provides that the foregoing sections apply, among other instances not pertinent to the present discussion, “ (c) when the application is made by a resident of this state and the director, officer or employee was a resident of this state at the time of the accrual of the alleged cause of action asserted in the litigation in which such expenses were incurred ”. Perhaps, it could be said that the phraseology of this subdivision is inept, and that it cannot, without more, nullify the plain meaning of the entire article, obvious from the over-all review that I have hereinbefore undertaken. Perhaps, on the other hand, it could be said that this section, more or less carefully worded, effectuated a legislative purpose to confer jurisdiction upon this court when the director, officer or employee (who must be the applicant) was a resident of New York both at the time of the accrual of the cause of action alleged against him in the action-in-chief and at the time of his making of the application for reimbursement, indemnity or assessment.
In any case, I hold that the applicant here must be the former litigant — not the attorneys who represented him in the suit against him. It need be but noted that it was Fein who was the officer and director charged with wrongdoing. It was he who *821 was the party defendant in the Federal suit. Buchman & Enchinan were his attorneys therein, but they were neither officers, directors nor employees of Lanston, nor were they asked to disgorge the alleged short-swing profits made by them in violation of the Securities Exchange Act. In consequence, they are not, in my view, the proper parties petitioner under the statute. The fact that Fein does not object to, or, indeed, supports their application is immaterial. It is he who must be the principal, the one to fight the forensic duel; it is not enough that he second the protagonist in the fray.
Accordingly, the motion is denied and the petition is dismissed. An order to that effect has been signed and entered.*

 This ruling is consistent with the holdings of the courts in other areas of the law. Some of these may be mentioned here, by way of example:
Except in rare instances, specially provided for by statute (e.g., Civ. Prac. Act, § 1493; Surrogate’s Ct. Act, § 278), the costs taxable by a successful litigant against the loser belong to the party in whose favor the judgment is entered and not to his attorney (Equitable Life Assur. Soc. v. Hughes, 125 H. Y. 106, 112; Kunath v. Bremer, 53 App. Div. 271, 272).
In a matrimonial action, the “allowance for counsel fee [Civ. Prac. Act, § 1169] is awarded the wife for the prosecution of her action or maintenance of her defense■ — not to the attorney for the wife” (Myers v. Myers, 5 Mise 2d 955, 957).
In an action for damages for personal injuries based upon the defendant’s negligence, even though the attorney has a contingent interest in the recovery, he is “not entitled to be paid on the ® * ® basis that the suit should or could have been settled. The cause of action is the client’s ” (Matarrese v. Wilson, 202 Mise. 994, 997-998; see, also, Holder V. New York City Ir. Auth., 4 Mise 2d 10, 12).